SADDLER et al.
vs
GLOVER.

---

COVENANT.

Case 14.

October 23.

# Saddler *et al. vs* Glover.

ERROR TO THE GARRARD CIRCUIT.

*Abatement.    Pleading.    Supersedeas.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

IT seems to this Court, that the plea to the action on the injunction bond in this case, was properly adjudged insufficient, by the Circuit Court, for two reasons:

1st. Even if the plea could be understood as averring that the decree dissolving the injunction was suspended by a supersedeas, still continuing in force, such matter would only abate the action on the injunction bond, and would not be pleadable in bar, as pleaded in this case.

2nd. The plea, avering as it does, only that a *supersedeas bond* had been executed in the Circuit Court Clerk's office, is altogether insufficient for any useful purpose to the party offering to file it. It is true that the execution of an appeal bond, conformably with an order granting the appeal, might be good matter in abatement of an action or other procedure for enforcing the judgment or decree appealed from, because the execution of such a bond consummated the appeal and, *ipso facto*, suspended the judgment or decree.

Suspension, by supersedeas of the decree dissolving the injunction is matter in abatement of the action on the injunction bond—not in bar.

But a *supersedeas bond*, under the authority of the statute of 1838, (*Session Acts,* 159,) has not, *per se*, the same suspensive effect. That enactment only provides, "That any person or persons may, on executing bond, "and filing the record and assigning errors, as now re-"quired by law, sue out a writ of error *with a supersede-*"*as* without order from an appellate Judge:" consequently, the execution of the bond in this case, was only an initial act which would have enabled the party to procure a *supersedeas;* but until a writ of error with a supersedeas had been procured and issued there was no suspension of the decree, and the party executing the bond may, in fact, have elected not to file the record in this court, or assign errors, or prosecute a writ of error with a supersedeas.

The mere execution of the supersedeas bond, according to the act of 1838, does not (like the execution of appeal bonds,) suspend the judgment or decree—the record must be filed here, and the writ of error with supersedeas sued out.

Therefore, the plea being clearly immaterial, the Circuit Court did not err in refusing to permit the filing of it.

Wherefore, perceiving no error in the judgment of the Circuit Court, it must be affirmed.

*Bradley* for plaintiff: *Turner* for defendant.